*John W. Hogan*, for plaintiff.
*Andrew B. Patton*, *pro se.*

---

MARY A. SCHÆFFER *vs.* LOTTIE BROWN.

WASHINGTON—DECEMBER 2, 1901.

PRESENT: Stiness, C. J. Tillinghast and Rogers, JJ.

(1)  *Pleading and Practice.    Obstructing Way.    Trespass.*

In trespass on the case for obstructing a right of way, a defendant wishing to set up title in himself must specially plead it, and the general issue alone is not sufficient.

(2)  *Equity.   Estoppel.   Res Judicata.   Trespass.   Obstructing Way.*

In an action of trespass on the case for the obstruction of a way, where the defendant sets up title and the case is tried on that issue, the estoppel of the judgment is co-extensive with the trespass.

Citing *Providence* v. *Adams*, 10 R. I. 184, and affirming *Schæffer* v. *Brown*, 23 R. I. 216.

BILL IN EQUITY seeking an injunction on grounds set forth in opinion.   Heard on re-argument of this case decided in opinion reported in 23 R. I. 216.

ROGERS, J.   This suit, an opinion in which on a former hearing is reported *ante* p. 216, comes before us again upon a re-argument allowed because the respondent had not been heard before the rendition of the former opinion owing to a misapprehension that she did not desire to be heard.   It is a bill in equity to enjoin the respondent from maintaining a fence enclosing a piece of land designated as a street, adjoining the complainant's land, and over which she claims a right of way by deed.   The complainant prior to the bringing of the bill recovered judgment against the respondent upon the verdict of a jury for damages in an action of trespass on the case for the erection, continuing and maintaining said fence and obstruction on said street between April 1, 1895, and October 16, 1899.   In said action at law the respondent pleaded in defence that the close, soil and freehold in said street, enclosed and occupied by said fence and obstruction, by her built and maintained, was in her, the said respondent, and that she had lawful right to erect and maintain the same.   Respondent further pleaded in said action that she was seized in fee-simple of all that part of said street enclosed and occupied by said fence and obstruction by her built and maintained, and that she and those from whom she derived her title thereto, had been for more than twenty years before the bringing of said action in the continuous, uninterrupted, quiet and actual seizin and possession thereof as of her and their sole and rightful estate in fee-simple therein, according to the provisions of Gen. Laws R. I. cap. 205 ; and she also pleaded the general issue.   The com-

plainant traversed each of said first two mentioned pleas, and issue was joined thereon, and on the general issue ; and thereupon evidence was submitted to said jury in support and denial of each and all said issues, who returned a verdict for the complainant as hereinbefore stated.

The respondent after the recovery of that judgment moved the fence back one foot, still obstructing the way substantially as before, and in her answer to the bill in equity sets up by way of plea substantially the very matter of title she pleaded in the action at law.

The question now before the court is as to the sufficiency of the pleas contained in the answer.

The respondent's counsel contends that the verdict in the action at law does not determine anything except that said fence and encroachment of the respondent had extended into the right of way of the complainant and was to a certain extent an obstruction and encroachment to the complainant's right of way, but that said verdict did not determine as to what extent, or to what distance, or to what quantity of land in area said fence and encroachment was an obstruction to said right of way.

The respondent's counsel further contends that the former opinion of the court in this suit was erroneous in that it held that the judgment in the action of trespass *on the case* for obstructing said easement or right of way is conclusive of the right of the complainant to the whole of the street in question, and in holding that the averments of the pleas are not sufficient in answer thereto, and in overruling said pleas.

He also contends that said opinion was erroneous in not distinguishing between an action of trespass *quare clausum fregit*, and an action of trespass *on the case* for obstructing an easement, the respondent submitting that her pleas in said action of trespass on the case, of *liberum tenementum*, and all pleas except the general issue, were improper and raised no issue of fact ; and that the adverse occupation and possession of the defendant was only admissible in said action at law under the general issue, as evidence of the plain-

tiff's abandonment of said right of way to the extent of the defendant's adverse occupation and possession.

The effect of the respondent's contention amounts to this, that she, having obstructed a right of way claimed by the complainant by deed, throughout the whole width of a so-called street, the extent and location of said obstruction being defined by a fence excluding the complainant from the enjoyment of all and every part of the right of way over the land enclosed within said fence, upon being sued therefor by the complainant in an action at law, defends by pleading such title in herself as she claims justified her in erecting said fence and excluding the complainant within the space enclosed from any right of way therein. The complainant understood the manifest purpose of the respondent's plea of title, and accepted the issue thus raised by the respondent, and upon the trial of such issue the jury found for the complainant. As the respondent admits in her answer to the bill in equity that evidence upon both sides was presented as to the pleas in question in the action at law, and that the evidence was contradictory, it is clear that said question of title was in fact tried by the parties and found against the respondent by the jury. Having thus had her day in court and been defeated, the respondent contends that though the pleas covered all the space enclosed by the fence and the verdict of the jury extended to that space, yet the verdict in legal effect only affected a strip of one foot, being but a small part of the space enclosed by the fence. Why the respondent selects a single foot in width for the verdict to operate on she does not disclose and we cannot conceive. At that rate of speed in litigation it would take over twenty actions at law to cover the whole space enclosed, for in the defence to the bill in equity brought to enforce the result of the action at law, the respondent insists the complainant must be relegated to further actions at law, as she has moved the obstructive fence back one foot which she claims has fulfilled all the requirements of the verdict, the respondent pleading in her answer to the bill substantially the same pleas that were pleaded in the action at law.

Although the respondent herself, in the action at law, set up title, and availed herself of every advantage on the trial that could be accomplished thereby, she now in defence to the bill claims that the pleas of title were nugatory and void, that the general issue was the only proper plea she could have pleaded in that action and insists that the court should ignore the existence of such pleas and all action thereunder and the verdict founded thereon, and that *now* after the action is all over the verdict rendered therein should in some way be applied to a different issue from what the parties supposed they were trying and which they intended to try. We fail to see how a party can avail herself of an issue only so long as she fancies it to be of advantage to her and then, after trial, discard or efface it when she deems it more to her advantage not to have used it. It is to be noted that the respondent herself pleaded title, that she did not withdraw it, that she went to trial upon it, and did not even after finding out what the verdict was, petition for a new trial, or seek to right the fancied error.

(1) We quite agree that a misapprehension now exists as to the effect of pleading in the action at law and as to the analogy between trespass *quare clausum*, and trespass *on the case* for the obstruction of a right of way, but that misapprehension, it seems to us, is in the mind of the counsel and not in the mind of the court.

In trespass and ejectment, which is an action distinctively to try title, upon a plea of the general issue the plaintiff must prove title as a *sine qua non* of maintaining her action.

In trespass *quare clausum* possession alone is sufficient to maintain the action unless the defendant defends upon the ground that the title was in him and hence that there was no trespass, in which case the defendant must specially plead title in himself—or *liberum tenementum*, as it is called.

In trespass *on the case* for obstructing a right of way—an incorporeal hereditament—the defendant wishing to defend on the ground of title in himself, must specially plead it, and the general issue alone is not sufficient.

The law as laid down in *Standish* v. *Parker*, 2 Pick. 20,

seems to us to be sound and directly in point. In that case Parker brought an action of trespass on the case against the petitioner, Standish, and one, Smith, since deceased, for obstructing a way claimed as appurtenant to Parker's land, by erecting a store upon the land over which the way was said to run, so near to Parker's store that he could not open his doors or windows. Parker derived his title to the right of way from a deed made in 1769 by Joseph Russell to Benjamin Taber. The action was tried upon the general issue in 1819, when a verdict was found for Parker, upon which judgment was afterwards entered. Parker, C. J., in delivering the opinion, said, page 21,—"We think it very clearly settled that nothing is conclusively determined by the verdict, but the damages for the interruption covered by the declaration, and that in another action, if one should be brought, the petitioner will have full right to contest Parker's right to the easement, for the interruption of which this action was brought. The principle adopted is, that in an action of trespass, or for torts generally, nothing is conclusively settled but the point or points put directly in issue. Thus in trespass, upon not guilty pleaded, the title is not concluded; though if the title is put in issue by a plea of soil and freehold, the verdict will be conclusive in another action of trespass for an injury done to the same land. So in actions on the case for interruption of lights or other easements, on the general issue, the title is not settled, though if the defendant pleads a title in bar, and issue is taken on it, the verdict shall settle that point for future actions." Citing cases.

(2) We are of the opinion that it was perfectly competent for the respondent to plead title in the action at law, and as she did so, and as the case was tried on that issue and verdict was rendered with an entire apprehension as to the purpose and intended operation of such a defence, we fail to see on what ground we can now after the conclusion of the case treat the special pleas in bar therein as nugatory and void, and deprive the complainant of the benefit of her verdict.

The respondent having had her day in court, then, as to the title of the whole of that part of the so-called street en-

closed within said obstructive fence, and the issue having been found against her, the question of title between these parties has been settled, for as we said in our former opinion in this suit in equity the doctrine of *City of Providence* v. *Adams*, 10 R. I. 184, is that the estoppel of the judgment is co-extensive with the trespass, and that case is authority in this State. See also as to *res adjudicata*, *Almy* v. *Daniels*, 15 R. I. 312.

We find no error in our former opinion.

*Benjamin W. Case*, for complainant.

*Albert B. Crafts*, for respondent.